UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

VLADYMIR MILIEN,

                         Plaintiff,

              v.

CITY OF NEW YORK – DEPARTMENT OF
EDUCATION, and NYC SCHOOL SUPPORT
SERVICES, INC.,

                         Defendants.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
20-CV-480 (MKB)

MARGO K. Brodie, United States District Judge:

      Plaintiff Vladymir Milien commenced this lawsuit against Defendants City of New York

Department of Education ("DOE") and NYC School Supports Services, Inc. ("NYCSSS"),

alleging race discrimination and retaliation claims in violation of Title VII of the Civil Rights Act

of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the New York City Administrative Code,

N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL"); unpaid overtime premium wages and wage

supplement claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and

the New York Labor Law § 190 *et seq.* ("NYLL"); and an interference claim pursuant to the

Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), arising out of his employment

with Defendants working at Q129, a public school run by Defendants.  (Compl., Docket Entry

No. 1.)  Jury selection and trial is scheduled to begin December 2, 2024.  (Order dated Feb. 20,

2024.)

Currently before the Court are Plaintiff's and Defendants' motions *in limine*.[1]  For the reasons listed below, the Court grants Plaintiff's motion in part and denies it in part, and grants Defendants' motion in part and denies it in part.

## I.     Plaintiff's motion *in limine*

### a.     The Court grants Plaintiff's motion to exclude certain of Defendants' exhibits as inadmissible hearsay evidence

Plaintiff argues that Defendants' Exhibits L, M, N, O, P, Q, R, S, T, U, and Z should be excluded because they are inadmissible hearsay evidence.  (Pl.'s Mem. 2–13.)

Defendants argue primarily that the exhibits should all be admitted because they are not being offered for truth of the matter asserted, but rather to indicate the state of mind of Michael Lettieri, Plaintiff's supervisor, at the time he issued "certain disciplinary action forms" against Plaintiff.  (Defs.' Opp'n 1–6.)

Evidence is hearsay, and therefore inadmissible, if it is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c), 802; *see also Ezrasons, Inc. v. Travelers Indemnity Co.*, 89 F.4th 388, 393 n.3 (2d Cir. 2023) ("Hearsay is defined . . . as a declarant's statement made otherwise than while testifying in the current trial or hearing, which is offered by a party to prove the truth of what was asserted in the statement." (citing Fed. R. Evid. 801(c))).  Out-of-court statements not offered for their truth may be permissible if they satisfy Rules 401 and 403 of the Federal Rules of Evidence, and thus, in order

---

[1]  (Pl.'s Mot. in Limine ("Pl.'s Mot."), Docket Entry No. 41; Pl.'s Mem. in Supp. of Pl.'s Mot. ("Pl.'s Mem."), Docket Entry No. 41-23; Defs.' Opp'n to Pl.'s Mot. ("Defs.' Opp'n"), Docket Entry No. 51; Pl.'s Reply in Supp. of Pl.'s Mot. ("Pl.'s Reply"), Docket Entry No. 54; Defs.' Mot. in Limine ("Defs.' Mot."), Docket Entry No. 45; Defs.' Mem. in Supp. of Defs.' Mot. ("Defs.' Mem."), Docket Entry No. 47; Pl.'s Opp'n to Defs.' Mot. ("Pl.'s Opp'n"), Docket Entry No. 49; Defs.' Reply in Supp. of Defs.' Mot. ("Defs.' Reply"), Docket Entry No. 55.)

to be admissible: "(1) the non-hearsay purpose for which the evidence is offered must be relevant and (2) the probative value of the evidence for this non-hearsay purpose must not be outweighed by the danger of unfair prejudice." *United States v. Singh*, 726 F. App'x 845, 848 (2d Cir. 2018) (quoting *United States v. Paulino*, 445 F.3d 211, 217 (2d Cir. 2006)).

### i. Defendants' Exhibits L, N, O, P, Q, R, and S

Plaintiff seeks to exclude from evidence Defendants' Exhibits L, N, O, P, Q, R, and S, which consist of letters from Q129 employees recounting alleged disputes between Plaintiff and Michael Lettieri, his supervisor, and other employees, as well as alleged behavior exhibited by Plaintiff. (Pl.'s Mem. 2–10.) Plaintiff argues that the letters are hearsay pursuant to Rules 801(c) and 802 of the Federal Rules of Evidence because they are (1) not a product of testimony at a trial or hearing, (2) are being offered to prove the truth of the matter asserted, in particular that these disputes and behavior occurred, and (3) are not subject to any hearsay exceptions. (*Id.*)

Defendants argue that the letters should be admitted because (1) Defendants intend to use the letters to show Lettieri's state of mind when issuing disciplinary action against Plaintiff, (2) the internal complaints are relevant because they show Defendant's legitimate business interest in issuing certain disciplinary action against Plaintiff, and (3) precluding the evidence would "improperly hinder [Defendants'] legitimate business reason defense." (Defs.' Opp'n 1–2.)

The Court grants Plaintiff's motion to exclude the letters. The contents of the letters themselves are hearsay, and to the extent Defendants intend to call Lettieri as a witness during trial, he will be permitted to testify about the reasons for his decisions to issue the relevant disciplinary actions against Plaintiff. *See, e.g.*, *Greene v. Brentwood Union Free Sch. Dist.*, 966 F. Supp. 2d 131, 141 (E.D.N.Y. 2013) ("While[] the direct testimony of other employees about

their treatment by the defendants may be relevant to the issue of the employer's intent, the complaints, themselves, are . . . inadmissible hearsay." (alteration in original) (citation omitted)), *aff'd* 576 F. App'x 39 (2d Cir. 2014).  The Court therefore grants Plaintiff's motion to exclude Defendants' Exhibits L, N, O, P, Q, R, and S.[2]

### ii. Defendants' Exhibit M

Plaintiff argues that Exhibit M, a letter from Marilyn Alesi, Principal of Q129, informing Lettieri that she had received complaints from teachers about alleged loud and aggressive behavior by Plaintiff, is hearsay because it (1) was not the product of testimony at trial or a hearing, (2) is being offered to prove the truth of the matter asserted, namely that Plaintiff was "loud and aggressive," and (3) is hearsay within hearsay because it speaks to complaints received from other teachers, and states that other teachers "felt uncomfortable" with the way that Plaintiff spoke to Lettieri.  (Pl.'s Mem. 3–4.)  Plaintiff also argues that Exhibit M has no relevance to the parties' claims or defenses because whether Plaintiff was "loud or aggressive has no probative value into Plaintiff's performance or whether actions taken against him by Defendants were justified" and therefore it should be excluded pursuant to Rule 402 of the Federal Rules of Evidence.  (*Id.* at 4.)  Plaintiff contends that even if the document had any probative value, it would be outweighed by the danger of unfair prejudice to Plaintiff and should be excluded under Rule 403.  (*Id.*)  Finally, Plaintiff argues that Exhibit M is impermissible character evidence

---

[2] Plaintiff also seeks to exclude these exhibits for the following reasons: (1) Exhibits L, Q, R, and S because they constitute hearsay within hearsay; (2) Exhibits N, O, and P because they are impermissible character evidence; (3) Exhibits O, P, Q, R, and S because they are irrelevant to the claims at issue; and (4) Exhibits O and P because any probative value would be substantially outweighed by prejudice to Plaintiff.  (Pl.'s Mem. 2–10.)  Because the Court excludes the Exhibits as hearsay, it declines to address these additional arguments.

under Rule 404(a)(1) because Defendants attempt to use it to show that because Plaintiff acted loudly and aggressively in one instance, he did so in other instances related to his work.  (*Id.*)

Defendants argue that the letter should be admitted because (1) Defendants intend to use the letter to show Lettieri's state of mind when issuing disciplinary action against Plaintiff, (2) the internal complaint is relevant because it shows Defendants' legitimate business interest in issuing certain disciplinary action against Plaintiff, and (3) precluding the letter would "improperly hinder [Defendants'] legitimate business reason defense."  (Defs.' Opp'n 1–2.)

Rule 805 of the Federal Rules of Evidence states that hearsay within hearsay is inadmissible, unless "each part of the combined statements conforms with an exception to the hearsay rule."  *See also United States v. Cummings*, 858 F.3d 763, 773 (2d Cir. 2017) ("Under Federal Rule of Evidence 805, '[h]earsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule.'"); *Platt v. Michaan*, 695 F. Supp. 3d 420, 440 (S.D.N.Y. 2023) (same).

The letter is inadmissible as hearsay within hearsay.  The contents of Alesi's letter recounts statements made to her by other teachers.  (*See, e.g.*, Letter from Marilyn Alesi, annexed to Clark Decl. as Ex. 4, Docket Entry No. 41-5 ("I received complaints from a few teachers about loud and aggressive behavior from one of the custodial helpers.  When I asked, it seems to be [Plaintiff].  The teachers felt uncomfortable about the way he spoke to you during the school day with teachers and children in the vicinity.").)  These statements are hearsay, and therefore, regardless of whether the letter could be offered to show Lettieri's state of mind, "each part of the combined statement[]" does not "conform with an exception to the [hearsay] rule." Fed. R. Evid. 805.  The Court therefore grants Plaintiff's motion to exclude Defendants' Exhibit M.  *See, e.g.*, *Platt*, 695 F. Supp. 3d at 440 (concluding testimony was inadmissible hearsay

within hearsay because one part of the statement was inadmissible hearsay, and noting "[t]he statement is only admissible if each part falls within an exception or exclusion to the hearsay rule" (emphasis omitted)).

### iii. Rules and regulations for Q129 custodial employees (Defendants' Exhibit T)

Plaintiff argues that Exhibit T, a copy of a document containing the rules and regulations for custodial employees at Q129 with two handwritten notations, should be excluded as impermissible hearsay.  (Pl.'s Mem. 10–11.)  In particular, the document contains two handwritten notations at the bottom of the document, one of which states "sign document with your name and return" and signed "Mike," and the second one which states "I will not sign this. Have a good day."  (Rules and Regulations, annexed to Clark Decl. as Ex. 11, Docket Entry No. 41-12.)  Plaintiff argues that the notations constitute hearsay because the notations are being offered to prove the truth of the matter asserted, namely that Lettieri directed Plaintiff to sign the rules and regulations and he refused.  (Pl.'s Mem. 11.)  Plaintiff argues that there is no indication that the notation on the bottom right was made by Plaintiff, and that it does not satisfy any of the hearsay exceptions of Rules 803 or 804.  (*Id.*)

Defendants argue that Exhibit T should be admitted because (1) the rules and regulations applicable to Q129 employees are highly relevant, and (2) the notations are not hearsay.  (Defs.' Opp'n 3.)  Defendants argue that the notation they assert is signed by Lettieri is not hearsay because it is not being offered for the truth of the matter asserted, i.e., that Plaintiff was asked to sign the document and return it, but rather to give context regarding Plaintiff's work performance and insubordination.  (*Id.*)  Defendants also argue that, although "there is no indication that this note was made by [P]laintiff, . . . [he] testified at his deposition about the fact that he refused to sign off on rules and regulations presented to him by [D]efendants."  (*Id.*)  Defendants therefore

argue that they should be able to cross examine him on the statement made during his deposition. (*Id.*)

The Court grants in part Plaintiff's motion to exclude the notations in Exhibit T.  As to the notation Defendants contend was made by Lettieri, offering it to "give context" regarding Plaintiff's alleged work performance and insubordination is the equivalent of offering it for the truth of the matter asserted, namely, that Plaintiff refused to sign the rules and regulations and was therefore insubordinate.  The Court therefore grants Plaintiff's motion to exclude this notation on Exhibit T.

As to the notation Defendants assert was made by Plaintiff, if properly authenticated, it would be admissible under Rule 801(d)(2)(A) of the Federal Rules of Evidence as a statement offered against an opposing party and made by that party in his individual capacity.  Rule 801(d)(2)(A) states that a statement is not hearsay where it is "offered against an opposing party and . . . was made by the party in an individual or representative capacity."  *See also Cummings*, 858 F.3d at 773 ("[U]nder Rule 801(d), a statement is not hearsay if it is 'offered against an opposing party and . . . was made by the party in an individual . . . capacity." (quoting Fed. R. Evid. 801(d)(2)(A))); *United States v. Watts*, 934 F. Supp. 2d 451, 466 (E.D.N.Y. 2013) (same).

The only indication Defendants offer, however, to support a conclusion that the notation was made by Plaintiff is the assertion that Plaintiff testified at his deposition to "the fact that he refused to sign off on rules and regulations presented to him by [D]efendants."  (Defs.' Opp'n 3.) Although "[t]he bar for authentication of evidence is not particularly high," *United States v. Al-Moayad*, 545 F.3d 139, 172 (2d Cir. 2008) (alteration in original) (quoting *United States v. Gagliardi*, 506 F.3d 140, 151 (2d Cir. 2008)), even assuming Plaintiff testified generally that he did not sign the rules and regulations, this is insufficient to support a conclusion that he made the

specific notation on the rules and regulations document being offered.  The Court therefore reserves judgment as to whether the second notation is admissible, pending Defendants' ability to meet their burden under Rule 901 of the Federal Rules of Evidence and properly authenticate the notation.  In the event Defendants are unable to authenticate the notation as having been written by Plaintiff, the second notation will also be excluded.  *See* Fed. R. Evid. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."); *see also, e.g.*, *United States v. Bourne*, No. 08-CR-888, 2011 WL 4458846, at *17 (E.D.N.Y. Sept. 23, 2011) (concluding letters written by the defendants were admissible against the defendants assuming the government could "meet[] its burden under Federal Rule of Evidence 901 and properly authenticate the letters at trial").

### iv.  Flush valve training document (Defendants' Exhibit U)

Plaintiff argues that Exhibit U, a document sent to Plaintiff from Lettieri consisting of a work assignment and handwritten signatures indicating other individuals witnessed a training and that the trainee refused to sign the form, is impermissible hearsay because Defendants are offering it to prove the truth of the matter asserted — namely, that Plaintiff received training to repair a leaking flush valve and refused to sign the document.  (Pl.'s Mem. 12.)  Plaintiff argues that there is no evidence that the document satisfies any hearsay exception, and that it is unclear how the document, if not offered for the truth of the matter asserted in the document, would be used to show Lettieri's state of mind when issuing disciplinary action to Plaintiff.  (*Id.*; Pl.'s Reply 5.)

Defendants argue that Exhibit U goes to Defendants' legitimate business reason defense (but do not argue that it is a business record), because it shows that Plaintiff was provided

training on how to complete the work assignment at issue prior to receiving discipline for not completing it.  (Defs.' Opp'n 4.)  Defendants also argue that the document is not being offered for the truth of the matter asserted, but rather to "show the effect on the listener," here Lettieri. (*Id.* at 5.)

The Court grants Plaintiff's motion to exclude the document.  There is nothing about the document that indicates that it would have had any bearing on Lettieri's decisions to issue disciplinary action against Plaintiff, outside of the truth of the content of the document itself. (Defendants' Ex. U, annexed to Clark Decl. as Ex. 13, Docket Entry No. 41-14.)  Defendants assert they would use the document to show "Plaintiff['s] failure to complete a job assigned to him after training," which indicates that their purpose for offering the document is for the truth of the matter asserted in the document itself.  (Defs.' Opp'n 5.)

The Court therefore grants Plaintiff's motion to exclude Exhibit U.

**v.  The Wilson letter (Defendants' Exhibit Z)**

Plaintiff argues that Exhibit Z, a letter from William Wilson, an employee at NYCSSS, sent to Plaintiff's union regarding future communications between Plaintiff and NYCSSS staff, should be excluded as impermissible hearsay.  (Pl.'s Mem. 13.)  Plaintiff argues that the letter is hearsay because the document is being offered to prove the truth of the matter asserted, namely, that Plaintiff was directed to (1) bring any non-payroll issues to the union's attention, (2) email payroll issues to NYCSSS, and (3) communicate professionally with his custodian engineer. (*Id.*)  Plaintiff also argues that the evidence should be excluded as irrelevant because "whether or not Plaintiff was directed to [take any of these actions] does not tend to prove or disprove whether the assignment of overtime was discriminatory or retaliatory, whether the [disciplinary

actions] issued to Plaintiff were discriminatory or retaliatory, whether Plaintiff's suspension in May 2019 was discriminatory or retaliatory, or whether Defendants were a joint employer." (*Id.*)

Defendants argue that the letter should be admitted because it "is relevant to show why disciplinary actions taken after the letter was issued were necessary and appropriate." (Defs.' Opp'n 6.) Defendants also argue that the letter is not hearsay because it is being offered to establish its effect on Lettieri's state of mind and motivation for issuing disciplinary action. (*Id.*) Defendants contend that to exclude evidence concerning Mr. Lettieri's motivation for issuing disciplinary actions "would deny them a full and fair opportunity to defend themselves," and would deprive the jury of context regarding Plaintiff's actions after receiving this letter. (*Id.*)

The Court grants Plaintiff's motion to exclude the document. There is nothing about the document that indicates that it would have had any bearing on Lettieri's decisions to issue disciplinary action against Plaintiff, outside of the truth of the content of the document itself. (Defendants' Ex. U, annexed to Clark Decl. as Ex. 13, Docket Entry No. 41-14.)

The Court therefore grants Plaintiff's motion to exclude Exhibit Z.

**b.  Stipulations of settlement (Defendants' Exhibits AA and GG)**

Plaintiff argues that Exhibits AA and GG, stipulations of settlement entered into between Plaintiff and NYCSSS relating to separate grievances, should be excluded pursuant to Rule 408 of the Federal Rules of Evidence. (Pl.'s Mem. 14.) Plaintiff argues that they should be excluded because the acceptance of consideration in exchange for settling a claim is not admissible to prove the validity or amount of a disputed claim, or for impeachment purposes. (*Id.*) Plaintiff also argues that the documents should be excluded as irrelevant, because neither of the stipulations tend to prove or disprove any of the claims or defenses of the parties and they carry the dangers of unfair prejudice to Plaintiff, confusion of issues, and misleading the jury. (*Id.* at

14–15.)  Plaintiff also argues that to the extent Defendants argue the effect of the prior stipulations of settlement at trial, the Court already addressed these effects in its summary judgment order ("September 2023 Decision"), (Mem. & Order dated Sept. 15, 2023 ("Sept. 2023 Decision"), Docket Entry No. 39), and therefore it would be improper to revisit the issue on a motion *in limine*.  (Pl.'s Reply 7.)

Defendants withdraw Exhibits AA and GG from their exhibit list, but argue that Plaintiff should be barred from recovering damages on any claim that was the subject of these prior settlement agreements.  (Defs.' Opp'n 7.)  In particular, Defendants argue that Plaintiff "must be barred from arguing that he is entitled to damages for claims barred by these agreements, and should be precluded from offering any evidence regarding those claims against NYCSSS at trial."  (*Id.*)

In the September 2023 Decision, the Court concluded that all claims against NYCSSS that accrued prior to October 29, 2018 — the date of the first stipulation of settlement — were barred, excluding Plaintiff's FLSA claims.  (Sept. 2023 Decision 25–26.)  The Court also concluded that Plaintiff's claims against NYCSSS based on his May 6, 2019 suspension were barred in full, but Plaintiff's claims against DOE stemming from that suspension were not.  (*Id.* at 26–27.)  The Court also dismissed Plaintiff's FLSA claims for separate reasons.  (*Id.* at 49–51.)  Because Defendants do not object to the exclusion of Exhibits AA and GG, and the parties do not appear to disagree regarding which claims are outstanding pursuant to the September 2023 Decision, the Court excludes Exhibits AA and GG.  Plaintiffs may submit evidence as to damages related only to the outstanding claims as specified in the September 2023 Decision.

### c.  Text message (Defendants' Exhibit BB)

Plaintiff argues that Exhibit BB, which consists of a text message in which Plaintiff states he knows powerful people and that he "[doesn't] start trouble [he] just like[s] to finish it," should be excluded as irrelevant.  (Pl.'s Mem. 15.)  Plaintiff argues that the statements in the text message have no probative value because they do not tend to prove or disprove any of the claims of the parties, and that at most it shows that he engaged in a protected activity with the National Labor Relations Board ("NLRB").  (*Id.*)  Plaintiff also argues that the text message should be excluded pursuant to Rule 403 because Defendants offer the text message "in order to portray Plaintiff as threatening or menacing," and its potential for prejudice therefore substantially outweighs its probative value.  (*Id.* at 16.)  Further, Plaintiff argues that Defendants have not properly authenticated the text message sufficiently to show that Plaintiff authored the message. (Pl.'s Reply 7–8.)

Defendants argue that the text message should be admissible because it is "clearly relevant to the issue of whether [P]laintiff was [a] bad employee in that he lacked professionalism and was insubordinate," and it is not more prejudicial than it is probative. (Defs.' Opp'n 7–8.)

The Court grants Plaintiff's motion to exclude the text message.  The text message has minimal probative value, as it appears to demonstrate Plaintiff informing his supervisor that he had filed a complaint, which does not indicate insubordination.  (Defendants' Ex. BB, annexed to Clark Decl. as Ex. 17, Docket Entry No. 41-18.)  Plaintiff has also indicated that the complaint at issue in the text message is not protected activity that forms the basis for any of his claims, which further lessens its probative value.  (Pl.'s Mem. 16.)  This minimally probative evidence is

outweighed by the potential for prejudice, namely jurors viewing the text message as an indication that Plaintiff was "threatening or menacing." (*Id.* at 15.)

The Court therefore grants Plaintiff's motion to exclude Defendants' Exhibit BB from evidence.

### d.  Handwriting on photographs (Defendants' Exhibit CC)

Plaintiff argues that the handwritten portions of Exhibit CC, which consists of photographs with handwritten notes on them, should be excluded as impermissible hearsay. (Pl.'s Mot. 16.)  Defendants do not object to the redaction of the handwritten notes in Exhibit CC.  (Defs.' Opp'n 8.)  The Court therefore grants Plaintiff's motion to exclude the handwritten portions of Exhibit CC.

### e.  Prior transcripts of Plaintiff's testimony (Defendants' Exhibits DD–EE)

Plaintiff argues that Defendants should be precluded from admitting the entirety of prior transcripts of his deposition and 50-H hearing transcripts, because to admit the entire transcripts "would result in the needlessly cumulative presentation of evidence and would waste the jury's time." (Pl.'s Mem. 17.)  Plaintiff also argues that should Defendants seek to introduce portions of the exhibits for any purpose other than impeachment, Plaintiff will object because Defendants have not identified the portions of the transcripts they may use. (Pl.'s Reply 9.)

Defendants state that they intend to use Exhibits DD–EE only for purposes of impeachment, "unless a specific issue arises that might make it necessary for [D]efendants to use portions of" the exhibits.  (Defs.' Opp'n 8.)  In the event Defendants seek to introduce portions of the exhibits for purposes other than impeachment, Defendants assert that they will seek prior leave from the Court to do so.  (*Id.*)

The parties appear to agree that Defendants may use the transcripts for purposes of impeachment.  The Court therefore grants Plaintiff's motion to the extent it seeks to preclude

Defendants from introducing the entirety of each transcript as direct evidence, and will consider

any requests made by Defendants, and objections made by Plaintiff, should Defendants seek to

introduce portions of the transcripts in their case in chief.

### f.   Testimony regarding Plaintiff's alleged discriminatory statements

Plaintiff argues that Defendants should be precluded from eliciting testimony concerning

alleged discriminatory statements made by Plaintiff.  (Pl.'s Mem. 17.)  Plaintiff argues that any

testimony from a witness at trial concerning alleged discriminatory statements made by Plaintiff

"would be irrelevant and would serve the sole purpose of unduly prejudicing Plaintiff by

inflaming the jury."  (*Id.*)  Plaintiff contends that even were Plaintiff to open the door to the

statements, the Court should preclude Defendants from eliciting any testimony from any

witnesses as to this statement.  (*Id.*)

Defendants argue that they will not introduce evidence of alleged discriminatory

statements made by Plaintiff unless he "opens the door on his direct examination."  (Defs.'

Opp'n 8–9.)  Should he do so, Defendants contend that they will seek prior leave of the Court to

examine Plaintiff about these statements.  (*Id.* at 9.)

Because Defendants do not object to the preclusion of eliciting testimony as to this

statement in its case in chief, the Court precludes them from doing so.  The Court reserves

judgment as to whether Defendants will be permitted to elicit evidence of the statements should

Plaintiff open the door during his direct examination.

## II.   Defendants' motion in limine

### a.   Previously dismissed claims

Defendants argue that Plaintiff should be precluded from introducing "any evidence

regarding any claims, or damages attendant to claims," previously dismissed.  (Defs.' Mot. 3.)  In

14

support, Defendants note that the Court dismissed Plaintiff's FLSA, NYLL, and FMLA claims in the September 2023 Decision and therefore argue that any evidence as to those claims should be precluded as irrelevant and likely to confuse the jury, pursuant to Rules 402 and 403.  (*Id.*)

Plaintiff argues that the Court should deny Defendants' motion because they "have not identified specific evidence or anticipated testimony that may be of concern."  (Pl.'s Opp'n 1.) Plaintiff also argues that regardless, it does not intend to offer evidence relating to dismissed claims unless the evidence is also relevant to a claim surviving summary judgment or provides general background or context needed under the circumstances.  (*Id.* at 1–2.)

Neither Defendants nor Plaintiff offer specific examples of the type of evidence they anticipate Plaintiff may seek to introduce at trial related to the dismissed claims.  To the extent Plaintiff seeks to introduce evidence that is irrelevant to its remaining claims, it would be precluded pursuant to Rule 402.  To the extent Plaintiff seeks to introduce evidence relevant to the outstanding claims, however, it may be admissible, regardless of whether it overlaps with evidence that would also be supportive of any of the dismissed claims.

### b.  Audio recordings (Plaintiff's Exhibits 36–41)

Defendants argue that Exhibits 36, 37, 38, 39, 40, and 41, audio recordings of Plaintiff with "unidentified individuals," should be excluded as inadmissible hearsay because they are out-of-court statements offered for the truth of the matter asserted, and do not fall within any of the admissible hearsay exceptions.  (Defs.' Mem. 4–5.)

Plaintiff argues that it is premature to exclude the audio recordings because Plaintiff has not yet been given the opportunity to authenticate the audio statements.  (Pl.'s Opp'n 2.)  Without providing what hearsay exceptions Plaintiff believes the recordings may be admissible under, Plaintiff argues that it is premature to determine whether "there are circumstances in which the[]

15

audio recordings are admissible," including possible hearsay exceptions and to impeach an inconsistent witness.  (*Id.*)

The parties do not dispute that the audio recordings are out-of-court statements that would be offered for the truth of the matter asserted within the recording.  Without additional information regarding the recordings, however, the Court is unable to determine whether any applicable hearsay exceptions apply that would make the audio recordings admissible, and if they do, whether Plaintiff is likely to be able to properly authenticate them under Rule 901.  The Court therefore reserves judgment as to the admissibility of Exhibits 36–41.  *See, e.g.*, *United States v. Pugh*, 162 F. Supp. 3d 97, 101 (E.D.N.Y. 2016) ("A court considering a motion in limine may reserve judgment until trial in order to place the motion in the appropriate factual context.").

### c.  Character evidence pertaining to non-party witnesses

Defendants argue that Plaintiff should be precluded from "eliciting any testimony or presenting any evidence regarding non-party witness' character such as disciplinary histories, prior complaints, employment discrimination actions, or lawsuits which have been filed against the non-party witnesses," pursuant to Rule 404(b).  (Defs.' Mot. 5.)

Plaintiff states that he does not intend to offer any impermissible character evidence concerning any non-party witness.  (Pl.'s Opp'n 3.)  Nevertheless, Plaintiff argues that the Court should deny Defendants' request because it is overly broad and vague, and therefore "it is impossible to identify the witnesses, topics, or specific evidence" that are of concern to Defendants.  (*Id.*)

Plaintiff does not object to Defendants' request that he not offer any impermissible character evidence regarding non-party witnesses.  Without additional information regarding the evidence Defendants are trying to exclude, however, the Court is unable to determine whether

16

the evidence is impermissible under Rule 404(b).  To the extent Plaintiff seeks to introduce character evidence regarding a non-party witness at trial, the Court reserves judgment as to the admissibility of that evidence.  *See Pugh*, 162 F. Supp. 3d at 101.

### d.  Requesting a specific dollar amount from the jury

Defendants argue that Plaintiff should be precluded from suggesting a specific dollar amount to the jury during his opening statement, during the testimony of any witness, and/or during summation.  (Defs.' Mem. 7–8.)  Defendants note that the Second Circuit has not adopted a rule prohibiting suggesting a specific dollar amount to the jury, but argue that *Consorti v. Armstrong World Industries, Inc.*, 72 F.3d 1003, 1026 (2d Cir. 1995), *vacated on other grounds sub nom. Consorti v. Owens-Corning Fiberglass Corp.*, 518 U.S. 1031 (1996), disfavors specifying target amounts for the jury to award.

Plaintiff argues that he should only be precluded from requesting a specific dollar amount from the jury for pain and suffering damages.  (Pl.'s Opp'n 3–4.)  Plaintiff contends that although specifying target amounts for the jury to award for pain and suffering is disfavored, courts in this district have allowed plaintiffs to submit evidence to the jury regarding other compensable damages and allowed plaintiffs to present evidence and submit a target amount during closing arguments.  (*Id.* at 4.)

The Second Circuit has "emphasize[d] that specifying target amounts for the jury to award is disfavored," *Consorti*, 72 F.3d at 1016, although it is within the discretion of the Court to determine whether to "prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions," *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997).  *See also Lupia v. N.J. Transit Rail Operations, Inc.*, 110 F.4th 450, 455 n.19 (2d Cir. 2024) (noting the "more flexible approach" under which the issue is left "to the

discretion of the trial judge" (quoting *Lightfoot*, 110 F.3d at 912, *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002))); *see also Lightfoot*, 110 F.3d at 912 (declining to adopt a *per se* rule prohibiting counsel from suggesting a specific sum as damages, and instead adopting "a more flexible approach" under which the determination "is best left to the discretion of the trial judge, who may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions"); *Reynolds v. Am. Airlines, Inc.*, No. 14-CV-2429, 2017 WL 5613115, at *10 (E.D.N.Y. Nov. 21, 2017) (same); *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 558 (E.D.N.Y. 2011) (permitting the plaintiff to present to the jury specific damages amounts for all compensable damages except pain and suffering); *Edwards v. City of New York*, No. 08-CV-2199, 2011 WL 2748665, at *2 (E.D.N.Y. July 13, 2011) ("Plaintiff's counsel will be permitted to suggest a specific dollar amount in his closing statement, but must do so in the first argument in order for defense counsel to respond if he chooses to do so, before plaintiff's counsel makes his final argument.").

Because the parties agree that a specific dollar amount related to pain and suffering damages should not be presented to the jury, the Court grants Defendants' motion as to that issue, and precludes Plaintiff from presenting a specific dollar amount for pain and suffering damages to the jury. As to other compensable damages, the Court reserves decision until trial.

### e.  Front pay and back pay damages

Defendants argue that pursuant to Rule 39(a)(2) of the Federal Rules of Civil Procedure, there is no federal right to a jury trial as to the issue of back pay and front pay damages, and objects to any determination of those damages being made by the jury and not the Court. (Defs.' Mem. 8.) Defendants contend that the Court should determine the appropriateness of an award of back pay, front pay, or other equitable relief, and also request that Plaintiff be precluded from

presenting any evidence or argument regarding back pay and other equitable damages at trial.
(*Id.*)

Plaintiff argues that the issue of back pay should be decided by the jury.  (Pl.'s Opp'n 4.)
In support, Plaintiff argues that it "is well-established that back pay under the NYCHRL is a
legal remedy to which [Plaintiff] is entitled to a jury verdict."  (*Id.*)  Plaintiff makes no argument
that front pay damages should be determined by the jury.  (*Id.*)

"Because a lost wages award — whether in the form of back pay or front pay — is an
equitable remedy, a party is generally not entitled to a jury determination on the question."
*Broadnax v. City of New Haven*, 415 F.3d 265, 271 (2d Cir. 2005) (emphasis omitted).  Under the
NYCHRL, however, both back pay and front pay are legal remedies, to which plaintiffs are
entitled to a jury verdict.  *See, e.g.*, *Colon v. City of New York*, No. 16-CV-4540, 2023 WL
6497650, at *8 (S.D.N.Y. Oct. 5, 2023) (denying the defendant's request to preclude the plaintiff
from testifying about what she would have earned but for the alleged adverse employment action
because "for claims brought under NYSHRL and NYCHRL, both back pay and front pay are
legal remedies to be determined by the jury" (citation omitted)); *Dodd v. City University of N.Y.*,
541 F. Supp. 3d 318, 321 (S.D.N.Y. 2021) (citing *Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176,
1189 (2d Cir. 1992)).  The Court therefore denies Defendants' motion to preclude a
determination of back pay and front pay by the jury, and will permit Plaintiff to provide evidence
regarding its claims for back pay and front pay under the NYCHRL.

### f.  Plaintiff's November 17, 2022 Equal Employment Opportunity Commission complaint

Defendants argue that evidence related to any employment events occurring between
January of 2022 and October 20, 2022 should be precluded.  (Defs.' Mem. 12.)  In particular,
Defendants point to a complaint filed with the U.S. Equal Employment Opportunity Commission

19

("EEOC"), complaining about employment events during that time frame.  (*Id.*)  Defendants

argue that the claims in the EEOC complaint "are not a part of this matter" and are therefore

irrelevant to the claims at issue.  (*Id.*)  Defendants also argue that even if relevant, any evidence

related to events that took place during that time frame would be substantially more prejudicial

than probative.  (*Id.* at 12–13.)

Plaintiff responds that he does not intend to offer evidence relating to any events

subsequent to January 24, 2020.  (Pl.'s Opp'n 6.)

Because Plaintiff does not object to Defendants' request, the Court grants Defendants'

motion and precludes either party from offering any evidence related to events subsequent to

January 24, 2020.

### III.   Exclusion of witnesses

#### a.   Witnesses not previously disclosed

Both Plaintiff and Defendants intend to call witnesses who were not included on their

Rule 26 disclosures.  Each argue that the opposing party should be precluded from calling the

undisclosed individuals as witnesses at trial.  (Pl.'s Mem. 18–19; Defs.' Mem. 9–10.)

Under Rule 37 of the Federal Rules of Civil Procedure, if a party fails to provide

information or identify witnesses as required by Rule 26(a) or (e), the party may not use that

information or witness to "supply evidence on a motion, at a hearing, or at trial, unless the failure

was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1); *see also Chamberlain Estate

of Chamberlain v. City of White Plains*, 960 F.3d 100, 117 (2d Cir. 2020) (same).  Despite the

apparently automatic nature of the Rule, district courts have discretion to impose sanctions other

than preclusion.  *See* Fed. R. Civ. P. 37; *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d

123, 144 (2d Cir. 2010) ("The district court is free to consider the full record in the case in order

to select the appropriate sanction." (internal quotation marks and citation omitted)); *Thompson v.*
*Jamaica Hosp. Med. Ctr.*, No. 13-CV-1896, 2015 WL 3824254, at *2 (S.D.N.Y. June 19, 2015)
("Rule 37 requires that any action be 'just,' in order to ensure that the 'severity of sanction [ ] be
commensurate with the noncompliance.'" (alteration in original) (quoting *Shcherbakovskiy v. Da*
*Capo Al Fine, Ltd.*, 490 F.3d 130, 140 (2d Cir. 2007))); *Atkins v. County of Orange*, 372 F. Supp.
2d 377, 395–96 (S.D.N.Y. 2005) (noting that the imposition of sanctions pursuant to Rule 37 is
within the trial court's discretion and preclusion is not generally ordered), *aff'd on other grounds*
*sub nom. Bellotto v. County of Orange*, 248 F. App'x 232 (2d Cir. 2007).  Failure to timely
produce documents during the discovery period is a violation of discovery rules, subject to
sanctions pursuant to Rule 37.  *See Kam Hing Enters., Inc. v. Wal-Mart Stores, Inc.*, 359 F. App'x
235, 237–38 (2d Cir. 2010).  "The purpose of the rule is to prevent the practice of sandbagging
an opposing party with new evidence." *Haas v. Del. & Hudson Ry. Co.*, 282 F. App'x 84, 86 (2d
Cir. 2008) (internal quotation marks omitted).  However, preclusion is an "extreme sanction"
and, before ordering preclusion, a court must consider less extreme responses, especially if the
"failure to comply is due to a mere oversight of counsel amounting to no more than simple
negligence." *Webb v. Buchanan Marine, Inc.*, No. 99-CV-3573, 2000 WL 347159, at *2
(S.D.N.Y. Mar. 31, 2000) (quoting *Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir. 1988));
*see also Clones Inv., LLC v. People's Ins. Co. of China Property & Cas. Co.*, 792 F. App'x 126,
128 (2d Cir. 2020) ("[P]reclusion of evidence is a 'harsh remed[y] and should be imposed only in
rare situations[.]'" (second alteration in original) (quoting *Update Art, Inc. v. Modiin Publ'g,*
*Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988))); *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 68 (E.D.N.Y.
2012) (same).

The Second Circuit has identified four factors to be considered on a motion to preclude evidence pursuant to Rule 37: (1) the party's explanation for its failure to comply, (2) the importance of the testimony of the precluded witnesses or of the evidence, (3) any prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony or evidence, and (4) the possibility of a continuance.  *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006) (quoting *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006)); *see also Chamberlain*, 960 F.3d at 117; *Kam Hing Enters.*, 359 F. App'x at 237.  Bad faith is not required to merit preclusion under the rule, but can be taken into account as an explanation for a party's failure to comply with discovery orders.  *Design Strategy*, 469 F.3d at 296.

### i. Testimony from Tara Murphy and Christine McHugh

Plaintiff argues that Tara Murphy and Christine McHugh, teachers at Q129, should not be allowed to testify at trial because they lack the personal knowledge necessary to testify concerning the subject matter of this action.  (Pl.'s Mem. 18–19.)  In support, Plaintiff argues that (1) because they are non-custodial employees, they lack knowledge concerning whether a custodial employee did or did not perform his duties, and (2) they lack knowledge of the identity or description of the person who engaged in the workplace dispute with Lettieri, about which they sent letters to Marilyn Alesi (the Principal of Q129).  (*Id.* at 19.)  Plaintiff also argues that Murphy and McHugh should be precluded from testifying at trial because Defendants failed to disclose them as potential witnesses during discovery, in either their Rule 26 initial disclosures or their responses and objections to interrogatories.  (*Id.*)  Plaintiff contends that this failure to disclose the witnesses was not harmless, because Defendants previously only disclosed the letters, which did not name Plaintiff as the individual with which Lettieri had a dispute, and therefore "only disclosed that [McHugh] and [Murphy] did not have relevant knowledge."  (*Id.*)

22

Defendants argue that Murphy and McHugh should be permitted to testify at trial because (1) they have relevant information and personal knowledge of an issue in this matter because they observed incidents in which Plaintiff was insubordinate, and therefore their testimony is relevant to the issue of whether certain discipline that Plaintiff received was due to his work performance rather than discrimination, (2) any failure to disclose the witnesses in their Rule 26 disclosure was inadvertent and harmless, because Plaintiff was aware of the witnesses during the discovery process, when Defendants produced letters written by each of them, and Plaintiff inquired about them during Lettieri's deposition.  (Defs.' Opp'n 9–10.)  Defendants also argue that in the event Plaintiff wanted to, and the Court permitted it, there is sufficient time before trial for Plaintiff to depose the witnesses without the need to adjourn trial.  (*Id.* at 11.)

Defendants will be permitted to call Murphy and/or McHugh to testify at trial.  First, the proposed testimony from Murphy and McHugh is relevant to the claims at issue.  It involves their testimony that they observed incidents between Plaintiff and Lettieri during which Plaintiff "was insubordinate and refused to do work assigned to him," which supports Defendants' assertion that Plaintiff was disciplined for legitimate business reasons.[3]  (Defs.' Opp'n 9.)

Second, the four factors considered for a Rule 37 motion support permitting Murphy and McHugh to testify.  The first factor — the party's explanation for its failure to comply — weighs against excluding the witnesses' testimony.  Defendants assert that their failure to identify the witnesses was inadvertent, which is supported by the fact that Defendants produced the letters written by Murphy and McHugh during discovery.  (Defs.' Opp'n 10.)

---

[3]  Plaintiff points to the fact that Murphy and McHugh's letters do not identify him as the custodial worker involved in the altercation with Lettieri and argues that this shows that they lack the personal knowledge necessary to identify him.  (Pl.'s Reply 10.)  Simply because the letters did not identify him by name, however, does not mean that the witnesses would be unable to identify Plaintiff through their testimony.

The second factor — the importance of the testimony of the witnesses — weighs slightly in favor of preclusion.  Although Defendants assert that the testimony is important to its case, and the testimony relates to the question of whether Plaintiff was subject to disciplinary action for a legitimate business reason, there is other available evidence by which Defendants can show that Lettieri was relying on complaints from other employees in making his disciplinary determinations and that he had an altercation with Plaintiff, including Lettieri's testimony.  *See, e.g.*, *IBM Corp. v. Micro Focus (US) Inc.*, No. 22-CV-9910, 2024 WL 2240281, at *4 (S.D.N.Y. May 17, 2024) (concluding factor two weighed against preclusion because the disputed evidence related to the scope of damages at issue in the case), *report & recommendation adopted*, 2024 WL 3346078 (S.D.N.Y. July 8, 2024); *Rienzi & Sons, Inc. v. I Buonatavola Sini S.R.L.*, No. 20-CV-5704, 2024 WL 3965989, at *6 (E.D.N.Y. Aug. 27, 2024) (concluding the failure to disclose was harmless where, in part, the evidence was "duplicative of other evidence in the record").

The third factor — whether there was any prejudice to the opposing party, weighs in favor of allowing the testimony, given that Defendants provided each of the witnesses' letters in discovery and that Plaintiff inquired about the individuals during Lettieri's deposition.  (Defs.' Opp'n 10); *see also Preuss v. Kolmar Lab'ys, Inc.*, 970 F. Supp. 2d 171, 177 (S.D.N.Y. 2013) (concluding the defendant's failure to disclose potential witnesses did not warrant preclusion where, in part, "all three affiants' names were brought up several times in depositions" and the plaintiffs "were well aware of their identities and the scope of their knowledge").

Finally, the fourth factor — whether a continuance is possible — is neutral and does not weigh in favor of either party.  Trial is scheduled for December of 2024, and therefore there is sufficient time remaining before trial for Plaintiff to seek additional discovery as to these witnesses if necessary.  *Cf. Design Strategy*, 469 F.3d at 297 (noting this factor weighed in favor

of preclusion in part because at the time the testimony was offered "there was only a short time left before trial" (internal quotation marks omitted)).  However, discovery closed in April of 2021, and has therefore been closed for more than three years.  (*See* Min. Entry dated Mar. 30, 2021); *cf. Design Strategy*, 469 F.3d at 297 (noting that weighing possibility of continuance factor in favor of preclusion "was the fact that discovery had been closed for 'approximately one and a half years,' and at the time of the offer of expert testimony there was only a 'short time left before trial'"); *Clones Inv.*, 2019 WL 10817175, at *3 (concluding this factor was "neutral and [did] not weigh in favor of either party" because "discovery closed over a year ago" but a continuance was possible).

Because the majority of non-neutral factors weigh against preclusion, the Court denies Plaintiff's motion to preclude Murphy and McHugh from testifying.

### ii.  Testimony from Carlos Garcia, Judi Beckford, Jean Luie, and Jose Perez

Defendants allege that Plaintiff also failed to disclose anticipated witnesses Carlos Garcia, Judi Beckford, Jean Luie, and Jose Perez in his Rule 26 disclosures, and should therefore be precluded from calling these witnesses at trial.  (Defs.' Mem. 9–10.)  Defendants argue that Plaintiff has no adequate explanation for failing to disclose the witnesses, and the prejudice of having to prepare for the testimony of the unexpected witnesses is substantial, given the close of discovery and the substantial time that has elapsed since the filing of the matter, making evidence gathering more difficult.  (*Id.* at 10.)  Defendants also argue that the instances of Plaintiff raising Perez and Garcia during discovery were not sufficient to put Defendants on notice.  (Defs.' Reply 6.)

Plaintiff argues that Perez and Garcia should not be excluded from testifying because both parties were made known to Defendants during the discovery process, as (1) Perez was

raised during Plaintiff's deposition and Plaintiff produced an authorization to Defendants for Perez' employer, and (2) Defendants were aware that Garcia was Plaintiff's union representative and that Plaintiff reported and grieved his suspension and disciplinary action to Garcia.  (Pl.'s Opp'n 4–5.)   Plaintiff also argues that even if he had a duty to supplement his Rule 26 disclosures, the violation as to Perez and Garcia was harmless.  (*Id.* at 5.)

Plaintiff does not respond to Defendants' arguments regarding Judi Beckford and Jean Luie.  (*Id.*)  Because Plaintiff does not appear to argue against the preclusion of Judi Beckford and Jean Luie as witnesses, the Court grants Defendant's motion to preclude them from testifying.

The Court reserves judgment as to whether the testimony from Perez and Garcia will be permissible.  The Court does not have sufficient information before it to determine whether the four factors weigh in favor of precluding or permitting the testimony.  Plaintiff does not indicate the reason for his failure to disclose the witnesses in his Rule 26 disclosures, nor does he provide any information as to how important the testimony from these witnesses is to his case.  Plaintiff provides no information about what he anticipates they will testify about, and the Court therefore cannot determine that the testimony would even be probative, let alone integral enough to Plaintiff's case in chief to warrant permitting the testimony despite his failure to disclose the witnesses during discovery.

The Court therefore reserves judgment as to whether Perez and Garcia will be permitted to be called at trial, and directs Plaintiff to provide additional information within two weeks of the filing of this Memorandum and Order regarding Plaintiff's failure to disclose each witness.

### b. Medical expert

Defendants also argue that to the extent Plaintiff is permitted to call Jose Perez as a witness at trial, Plaintiff be precluded from calling him as an expert witness.[4]  (Defs.' Mem. 10–11.)  Defendants argue that Plaintiff has failed to provide the mandatory expert disclosures required by Rule 26, and that any prospective testimony from Plaintiff's treating physicians or therapists should be confined to their treatment of Plaintiff.  (*Id.* at 11.)

Plaintiff argues that he does not intend to elicit expert testimony from Jose Perez, but rather intends to limit his testimony to non-expert witness opinions related to his treatment of Plaintiff.  (Pl.'s Opp'n 5–6.)

A treating physician may provide testimony "limited to facts acquired and opinions formed during consultation" without complying with the expert testimony disclosures required by Rule 26(a)(2)(B).  *Rodriguez v. Village of Port Chester*, 535 F. Supp. 3d 202, 214 (S.D.N.Y. 2021) (quoting *Ali v. Connick*, No. 11-CV-5297, 2016 WL 3002403, at *9 (E.D.N.Y. May 23, 2016)); *see also D'Attore v. Salmon*, 572 F. App'x 17, 18 n.1 (2d Cir. 2014) (noting that Rule 26 "does not require a report for treating physicians, because they are not 'retained or specially employed to provide expert testimony.'" (quoting Fed. R. Civ. P. 26(a)(2))); *Ali*, 2016 WL 3002403, at *7 ("Courts in this circuit have held that treating physicians may testify as fact, rather than expert, witnesses." (collecting cases)).

Because Plaintiff does not object to Defendants' request that he limit Perez' testimony to non-expert witness opinions related to his treatment of Plaintiff, the Court grants Defendants'

---

[4]  Defendants make the same request as to Judi Beckford and Jean Luie.  (Defs.' Mem. 10–11.)  Because the Court determines *supra* that Plaintiff will be precluded from calling either Beckford or Luie at trial, it does not address Defendants' concerns as to those witnesses.

motion and precludes Plaintiff from eliciting any expert testimony from Perez, if he is permitted

to testify.

## IV.  Conclusion

For the reasons set forth above, the Court grants in part and denies in part the motions.

Dated: September 27, 2024
        Brooklyn, New York

                                SO ORDERED:


                                _____s/ MKB_____
                                MARGO K. BRODIE
                                United States District Judge